UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL FRIESZELL                                                        Plaintiff

v.                                                       Civil Action No. 3:20-CV-P509-RGJ

DEPARTMENT OF CORRECTIONS, *et al.*                                      Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983.  The

Court has granted Plaintiff Michael Frieszell leave to proceed *in forma pauperis*.  This matter is

before the Court for screening pursuant to 28 U.S.C. § 1915A.  Upon review of the complaint and

amended complaint, the Court will dismiss some claims but allow others to proceed.

### I. SUMMARY OF ALLEGATIONS

In the complaint, Plaintiff made allegations concerning the medical treatment he had

received at Roederer Correctional (RCC) for his "end stage COPD."  He named the following as

Defendants - Kentucky Department of Corrections (KDOC), RRC, and the "medical staff," which

he described as "doctors, nurses" at RCC.   He specifically alleged that because he has "end stage

COPD" he should receive "life assisting and sustaining oxygen 24/7 – 365 days a year."  He further

alleged that he was "taken off an oxygen concentrator for more than 30 days without being checked

for $0_2$ stats" and that he had never received an oxygen tank.

Upon review of the complaint, the Court allowed Plaintiff to file an amended complaint to

name as Defendants the persons responsible for any alleged wrongdoing and to sue those persons

in their individual capacities.   Plaintiff filed an amended complaint in which added three

individuals as Defendants – RCC Warden Jesse Ferguson, RCC Deputy Warden Jessica Durrett,

and KDOC Commissioner Cookie Crews.  He indicates he is suing Defendant Crews in her official

and individual capacities but does not indicate in what capacity he is suing Defendants Ferguson or Durrett.  In the amended complaint, Plaintiff alleges that has severe COPD and a paralyzed right lung and that:

> I'm supposed to be on 3 Litre per minute of oxygen (24) twenty-four hours a day (365) three hundred sixty five days a year . . . and was suppos to have a bipap with (3) three litre per minute bled into it at night.  When they gave me a bipap they took the oxygen concentrator back that I was using (24) twenty-four hours a day . . . . Roederer has also denied me for oxygen tank to walk to and from the chow hall and medical facility to pill call.

Plaintiff seeks compensatory and punitive damages as well as injunctive relief.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  *See also McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d at 604.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A.  Defendants KDOC, RCC, and RCC "Medical Staff"

Defendant KDOC is an agency of the Commonwealth of Kentucky. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the KDOC. A state and its

agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-24 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 781-82 (l978).  In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (l979)).  "[T]he Eleventh Amendment is a true jurisdictional bar" to such claims. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015).  Thus, the Court will dismiss Plaintiff's claims against the KDOC for failure to state a claim upon which relief may be granted.

Defendant RCC is a Kentucky state prison.  A state prison facility is not a person or legal entity capable of being sued under § 1983. *See Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003); *Ryan v. Corizon Health Care*, No. 13-525, 2013 U.S. Dist. LEXIS 153886, at *19 (W.D. Mich. Oct. 28, 2013) ("[T]he individual prisons named as Defendants in this action are . . . buildings used by the MDOC to house prisoners. They are not the proper public entity for suit."); *Poole v. Mich. Reformatory*, No. 09-13093, 2009 U.S. Dist. LEXIS 82798, at *3 (E.D. Mich. Sept. 11, 2009) (holding that prison facilities are not "persons" or legal entities subject to suit under § 1983).  Thus, the Court will also dismiss Plaintiff's claims against RCC for failure to state a claim upon which relief may be granted.

Finally, the Court turns to Plaintiff's claims against the RCC "Medical Staff."  As with the entities above, a prison medical department is not an entity subject to suit under § 1983. *See Hix v. Tenn. Dept. of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) ("[W]e conclude that the defendant medical departments are not 'persons' under § 1983.").  Thus, Plaintiff's claims against the RCC

4

"Medical Staff" must also be dismissed for failure to state a claim upon which relief may be granted.

### B. Defendants Ferguson, Durrett, and Crews

#### 1. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendants are employees of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *Id.* at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71. Thus, to the extent that Plaintiff seeks money damages from Defendants in their official capacities, he fails to state a cognizable claim under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Thus, the Court will dismiss Plaintiff's official-capacity claims against Defendants Ferguson, Durrett, and Crews for damages for failure to state a claim upon which relief may be granted and for seeking monetary damages from Defendants immune from such relief.

The Court will, however, allow Plaintiff's official-capacity claims against Defendants Ferguson, Durrett, and Crews to proceed for injunctive relief which the Court liberally construes as including the provision of constitutionally appropriate medical treatment for a serious medical need. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908) (holding that prospective non-monetary relief against a state official in his official capacity to prevent future constitutional or federal statutory violations is not barred by the Eleventh Amendment).

### 2.   Individual-Capacity Claims

As indicated above, Plaintiff asserts an individual-capacity claim against Defendant Crews. For purposes of this Memorandum Opinion and Order only, the Court liberally construes the amended complaint as asserting individual-capacity claims against Defendants Ferguson and Durrett as well.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)).  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 U.S. App. LEXIS 30782, at *7 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, 904 F.2d 708 (6th Cir. 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

Moreover, to the extent that Plaintiff seeks to holds these individuals liable based solely under their supervisory positions as KDOC Commissioner, RCC Warden, and RCC Deputy Warden, his claims against them still fail because the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. at 691-95, unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A supervisor's failure to supervise, train, or control an employee is not actionable under § 1983, unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) ("[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it.") (internal quotation marks omitted).

Thus, because Plaintiff has not made any specific allegations against Defendant Ferguson, Durrett, or Crews, any individual-capacity claims against them must be dismissed for failure to state a claim upon which relief may be granted.

### C. Second Amended Complaint

Finally, because Plaintiff's claim is one for deliberate indifference to a serious medical need, and he listed "nurses, doctors" as part of Defendant RCC "Medical Staff" in the complaint, the Court will allow him one final opportunity to name as Defendants any doctors or nurses who were allegedly involved in denying him constitutionally appropriate medical care. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (allowing for amendment).

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HERBY ORDERED** that Plaintiff's claims against

**KDOC, RCC, and RCC "Medical Staff,"** are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1)

for failure to state a claim upon which relief may be granted.  As such, **the Clerk of Court is**

**DIRECTED to terminate these Defendants as parties to this action**.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claims for damages against

Defendants Ferguson, Durrett, and Crews are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1)

for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C.

§ 1915A(b)(2) for seeking monetary relief from Defendants immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's individual-capacity claims against

Defendants Ferguson, Durrett, and Crews for all relief are **DISMISSED** pursuant to 28 U.S.C.

§ 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Finally, **IT IS ORDERED** that within **30 days** from the entry date of this

**Memorandum Opinion and Order, Plaintiff may file a second amended complaint in which**

**he names as Defendants any doctors or nurses who were allegedly involved in denying him**

**constitutionally appropriate medical care.  In the second amended complaint, Plaintiff**

**should 1) describe each new Defendant's allegedly wrongful actions; 2) sue the new**

**Defendants in their official and/or individual capacities; and 3) completes a summons form**

**for each newly-named Defendant.**[1]  **Plaintiff may identify any unknown Defendant(s) as Jane**

**Doe or John Doe, but he must specifically allege facts describing what each unknown/Doe**

**Defendant did or failed to do to violate his constitutional rights.**

---

[1] Regarding the completion of the summon forms, Plaintiff must: (1) prepare a summons for each Defendant; (2) write or type the Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the Defendants.

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with the words "Second Amended Complaint" and the instant case number written in the caption.  The Clerk of Court shall also send Plaintiff four blank summons forms with the instant case number affixed to them.

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed in this action.

Date:

cc:      Plaintiff, *pro se*
         Defendants
         General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
A961.011

9